IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| D'LESIA CHAMBERS )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DYLAN CORPORATE SERVICES, INC. )<br>)<br>and )<br>)<br>ROBERT J. ECKHOLT )<br>)<br>Defendants. )<br>) | Case No. 6:15-CV-03074-MDH |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Dylan Corporate Services, Inc. ("**Dylan**") and Robert J. Eckholt ("**Mr. Eckholt**"), hereinafter collectively referred to as "**Defendants**," answer Plaintiff D'Lesia Chambers' ("**Plaintiff**") First Amended Complaint ("Complaint") as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint. Accordingly, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraphs 2 and 3 of the Complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4, 5, 6, 7 and 8 of the Complaint. Accordingly, Defendants deny the allegations contained in Paragraphs 4, 5, 6, 7 and 8 of the Complaint.

4. In response to Paragraph 9 of the Complaint, Defendants admit that Plaintiff terminated the relationship in 2014. Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint. Accordingly, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

5. Defendants deny that they have offices in Arizona. Defendants admit the remaining allegations contained in Paragraph 10 of the Complaint.

6. Paragraph 11 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

7. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 12 of the Complaint.

8. In response to Paragraph 13 of the Complaint, Defendants deny making any misrepresentations.

9. In response to Paragraph 14 of the Complaint, Defendants admit that they billed for their services, generally, by mailing invoices to Plaintiff in Missouri or e-mailing the invoices to her. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

10. In response to Paragraph 15 of the Complaint, Defendants admit that they provided tax and accounting services to Plaintiff. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

12. Defendants admit that there was a meeting at Mr. Eckholt's offices, but deny the remaining allegations contained in Paragraph 17 of the Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint. Accordingly, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint. Accordingly, Defendants deny the allegations contained in Paragraph 19 of the Complaint.

15. Defendants serviced clients located in Missouri, including Lesia. Otherwise, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

16. Defendants admit that Mr. Eckholt was and is a member of the Missouri Society of Certified Public Accountants. Defendant denies the remainder of the allegations contained in Paragraph 21 of the Complaint.

17. The quotation and allegations in Paragraph 22 of the Complaint are wholly incomplete. As such, the allegations contained in Paragraph 22 of the Complaint are denied. Moreover, the website did not exist in 2010 and through part of 2011.

18. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

20. In response to the allegations contained in Paragraph 25, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether a meeting occurred on or about December 2, 2013. Moreover, Defendants deny "receiving anything of value in exchange for recommending these investments to her or successfully convincing her to invest." Accordingly, Paragraph 25 is denied.

21. In response to Paragraph 26 of the Complaint, Defendants deny recommending or successfully convincing the Plaintiff of any specific or general investment to Plaintiff. Defendants further deny that Mr. Eckholt received anything of value in exchange for recommending any investments to Plaintiff or successfully convincing her to invest.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 27, 28, and 29 of the Complaint. Accordingly, Defendants deny the allegations contained in Paragraphs 27, 28, and 29 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

24. Defendants deny the allegations contained in Paragraphs 31, 32, and 33 of the Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint. Accordingly, Defendants deny the allegations contained in Paragraph 34 of the Complaint.

26. Defendants deny the allegations contained in Paragraphs 35, 36 and 37 of the Complaint.

27. Defendants admit that the Funds were placed in a receivership. Regarding the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint. Accordingly, Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

28. In response to Paragraph 39, Defendants deny that Mr. Stacy was deposed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 39. Accordingly, Defendants deny the remaining allegations contained in Paragraph 39.

29. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

30. In response to the allegations contained in Paragraph 41, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether a meeting occurred on December 2, 2013. Defendants deny that Mr. Eckholt "received anything of value in exchange for recommendations." The remainder of Paragraph 41 is denied.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 42 and 43 of the Complaint. Accordingly, Defendants deny the allegations contained in Paragraphs 42 and 43 of the Complaint.

32. Defendants deny the allegations contained in Paragraphs 44 and 45 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

34. Defendants deny the allegations contained in Paragraphs 47, 48 and 49 of the Complaint.

35. Paragraphs 50 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 50 of the Complaint.

36. In response to the allegations contained in Paragraph 51, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether a meeting occurred on December 2, 2013. Defendants deny that "Eckholt was receiving any compensation from the Funds or Stacy." The remainder of Paragraph 51 is denied.

37. Defendants deny the allegations contained in Paragraphs 52, 53, 54, 55, 56, 57 and 58 of the Complaint.

38. In response to Paragraph 59 of the Complaint, Defendants deny making any misrepresentations. Paragraph 59 of the Complaint is denied.

39. Defendants deny the allegations contained in Paragraphs 60 and 61 of the Complaint.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 62 and 63 of the Complaint. Accordingly, Defendants deny the allegations contained in Paragraphs 62 and 63 of the Complaint.

41. Defendants deny the allegations contained in Paragraphs 64, 65, 66 and 67 of the Complaint.

## Count I (Professional Negligence)

42. In response to Paragraph 68 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 41 above as if fully set forth herein.

43. Paragraphs 69 and 70 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraphs 69 and 70 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 71, including all subparts a through e, of the Complaint.

45. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

WHEREFORE, Defendants pray for judgment in their favor on Count I of the Complaint, for their costs and fees incurred herein, and for such other relief as the Court deems just and proper.

## Count II (Breach of Fiduciary Duty)

46. In response to Paragraph 73 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 45 above as if fully set forth herein.

47. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint. Accordingly, Defendants deny the allegations contained in Paragraph 75 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 77, including both subparts a and b, of the Complaint.

51. The allegations contained in Paragraph 78 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 78 of the Complaint.

52. The allegations contained in Paragraph 79 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 79 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

WHEREFORE, Defendants pray for judgment in their favor on Count II of the Complaint, for their costs and fees incurred herein, and for such other relief as the Court deems just and proper.

## Count III (Violation of the Missouri Securities Act RSMo. § 409.5-501)

54. In response to Paragraph 81 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 53 above as if fully set forth herein.

55. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

WHEREFORE, Defendants pray for judgment in their favor on Count III of the Complaint, for their costs and fees incurred herein, and for such other relief as the Court deems just and proper.

## **Count IV (Fraud)**

56. In response to Paragraph 83 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 55 above as if fully set forth herein.

57. The allegations contained in Count IV of the Complaint are subject to Defendants' Motion to Dismiss or Strike Count IV of Plaintiff's Complaint or, in the alternative, Motion for More Definite Statement, filed contemporaneously herewith (Doc. No. 8). As such, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 84, 85, 86, 87, 88, 89 and 90 of the Complaint. However, to the extent that a response is required, Defendants deny the allegations contained in Paragraphs 84, 85, 86, 87, 88, 89 and 90 of the Complaint.

## **Count V (Punitive Damages)**

58. In response to Paragraph 91 of the Complaint, Defendant incorporates by reference Paragraphs 1 through 57 above as if fully set forth herein.

59. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

WHEREFORE, Defendants pray for judgment in their favor on Count V of the Complaint, for their costs and fees incurred herein, and for such other relief as the Court deems just and proper.

60. All allegations contained in the Complaint are denied unless specifically admitted.

## AFFIRMATIVE DEFENSES

1. Defendants deny all allegations not specifically admitted herein.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff has failed to avoid, mitigate, or minimize her alleged damages.

5. If Plaintiff sustained any damages, which is specifically denied, the same were caused by the acts, omissions, negligence, or fault of Plaintiff and such acts, omissions, negligence, or fault bar Plaintiff's recovery from Defendants, or in the alternative, Plaintiff's fault should be compared and Plaintiff's recovery, if any, shall be reduced in proportion to such fault.

6. If Plaintiff sustained any damages, which is specifically denied, the same were caused by the acts, omissions, negligence, or fault of other parties who have not been named as Defendants and such acts, omissions, negligence, or fault bar Plaintiff's recovery from Defendants, or in the alternative, if such acts or omissions, negligence or fault do not act as a complete bar to Plaintiff's recovery, Defendants are entitled to, and request, an apportionment of fault of all acts, omissions, negligence or fault of such other parties who have not been named as defendants.

7. If Plaintiff sustained any damages, which is specifically denied, the same were caused by the acts, omissions, or negligence or fault of persons or entities over whom Defendants had no control, and that such acts, omissions, negligence or fault bar Plaintiff's recovery from Defendants, or, in the alternative, if such acts or omissions, negligence or fault do

not act as a complete bar to Plaintiff's recovery, Defendants are entitled to, and request, an apportionment of fault of all acts, omissions, negligence or fault.

8. Plaintiff has failed to join all necessary and indispensable parties.

9. Plaintiff's claims are barred or limited by the doctrines of laches, consent, waiver, and/or estoppel.

10. Plaintiff's claims are barred by the applicable statute of limitations.

11. Defendants assert their right to a credit and/or setoff, as permitted under Missouri law.

12. Defendants request a bifurcated trial on Plaintiff's claim for punitive damages.

13. Plaintiff's claim for punitive damages is subject to the limitations and requirements set forth in RSMo. § 510.265.

14. Plaintiff is not damaged to the extent claimed, if at all.

15. Plaintiff's alleged damages are speculative.

16. Defendants specifically deny that they have breached any duty or obligation to the Plaintiff.

17. Defendants reserve the right to assert additional affirmative defenses as may be revealed through discovery in this action.

Respectfully Submitted,

DOUTHIT FRETS ROUSE
    GENTILE & RHODES, LLC


By:   /s/ *Joel I. Krieger*
      Joel I. Krieger       MO 50706
      Christopher L. Kurtz   MO 61654
      5250 W. 116th Place, Suite 400
      Leawood, KS 66211
      Phone: 913-387-1600
      Fax: 913-928-6739
      jkrieger@dfrglaw.com
      ckurtz@dfrglaw.com

Attorneys for Defendants


## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 17th day of March, 2015, the foregoing document was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Joseph D. Sheppard, III
A. Jay Preston
Carnahan, Evans, Cantwell & Brown, P.C.
2805 S. Ingram Mill Road
P.O. Box 10009 G.S.S.
Springfield, MO 65808
jsheppard@cecb.com
jpreston@cecb.com

                /s/ *Joel I. Krieger*
                Attorney for Defendants